¶ 111.
SHIRLEY S. ABRAHAMSON, J.
(dissenting). I join Justice Ann Walsh Bradley's excellent dissent.
f 112. I write separately on the substance of the order the court issued on August 12, 2016. The order denied Jeffrey C. Denny's (the defendant's) motion to strike Issue III of the State of Wisconsin's opening brief. My separate writing at that time stated I would be filing this writing.[1]
¶ 113. Let me set the background for this separate writing. The State petitioned the court for review, *443 seeking reversal of the decision of the court of appeals. The court granted the State's petition.
f 114. The State filed its initial brief in this court. The defendant, Jeffrey Denny, moved to strike the third issue of the State's initial brief, i.e., whether this court's decision in State v. Moran, 2005 WI 115, 284 Wis. 2d 24, 700 N.W.2d 884, should be overruled. The court denied the motion on August 12, 2016, without explanation. I would have either granted the motion or denied the motion to strike part of the State's brief. In either event I would have advised the State it had erred in briefing the issue without seeking the court's consent to do so.
¶ 115. The rules of appellate practice support the defendant's motion. The rules of appellate practice do not support the court's order denying the defendant's motion without commenting on the rule of appellate practice involved.
¶ 116. I write because this is not the only case in which the court seems to be ignoring the rules of appellate practice. The litigants ought to know whether the court is adhering to its own rules of appellate practice, so they can determine whether they should adhere to the appellate practice rules.
¶ 117. The rules provide that a petition for review "must contain [a] statement of the issues the petitioner seeks to have reviewed . . . ." See Wis. Stat. (Rule) § 809.62(2)(a). Furthermore, the rules clearly state the consequences for failure of the petition for review to state an issue to be reviewed: "If a petition [for review] is granted, the parties cannot raise or *444 argue issues not set forth in the petition unless ordered otherwise by the supreme court." See Wis. Stat. (Rule) § 809.62(6); Michael Heffernan, Appellate Practice and Procedure in Wisconsin § 23.8 D (6th ed. 2014); id., § 23.8 D (Supp. 23-1 Dec. 2015) ("Failure to raise an issue in the petition for review is deemed a waiver of any claim that the supreme court should consider the issue.").
¶ 118. Strict adherence to the statement of the issues in the petition for review is important for at least two reasons.
¶ 119. First, the statement of the issues in the petition for review gives notice to the other party to enable it to respond to the petition for review.
¶ 120. Second, the statement of the issues in the petition for review and the opposing party's response (and sometimes an amicus curiae filing) are the basis for the court's determining whether it will grant the petition to decide the issue(s) presented. If the court grants a petition for review, the court might accept all issues for review, might limit review to certain stated issues, or might add one or more issues for review.
¶ 121. With this procedure in mind, I turn to the State's petition for review in the instant case. It raised four issues.[2] No issue sought the overruling of this court's decision in Moran. The petition for review *445 refers to the interpretation and application oí Moran in the instant case, not its overruling.
¶ 122. The State's brief in this court now raises three issues, one seeking the overruling of the Moran case.[3]
¶ 123. The order granting the State's petition for review (which was the court's standard order granting a petition for review) succinctly limited the issues to be briefed or argued by the State as follows: The State "may not raise or argue issues not set forth in the petition for review unless otherwise ordered by the court."
*446 ¶ 124. It is not always easy to tell the difference between an issue, an argument, and a subsidiary issue.[4] A subsidiary issue is deemed to be included in the statement of an issue. Wis. Stat. § (Rule) 809.62(4)(a).
¶ 125. In the instant case it is easy to conclude that the request to overrule Moran is an issue, not an argument or a subsidiary issue. Requesting the court to overturn a prior decision has not been viewed by this court as an argument (when the petition for review seeks interpretation of the decision) and has not been viewed as subsidiary to the issue of interpreting and applying a prior court decision.
f 126. The State conceded in its initial brief that it did not raise the issue of overruling Moran in its petition for review. The State's brief at 41, n.ll states: "The Court may consider this argument [of overruling Moran] even though it was not expressly raised in the Petition for Review." In its reply to the defendant's motion to strike this argument, the State's defense was that the need to raise an issue in the petition for review is only a "general rule," "not a hard-and-fast rule" that bars briefing in every case. The State cites no case or other authority supporting its contention that the need to raise an issue in the petition for review is only a general rule that does not bar briefing in every case. I could find none.
¶ 127. The State bases its right to brief the issue of overruling Moran on the court's discretion to consider issues not raised by the petition for review. The court does have the power to consider issues not raised *447 by the petitioner.[5] But the court's power to consider issues not raised by the petitioner does not pass to the State (or any petitioner filing a petition for review) the right to brief issues it did not raise in its petition for review. If a petitioner wishes to raise a new issue, it must seek the court's consent. Michael Heffernan, Appellate Practice and Procedure in Wisconsin § 23.14 at 17 (6th ed. 2014).[6]
*448 ¶ 128. In sum, adhering to the rules of appellate practice and procedure, I would have either granted the motion to strike or denied the motion to strike but advised the State it had erred in briefing the issue without seeking the court's consent to do so.
f 129. Fortunately, the defendant in the instant case had an opportunity to respond to the State's challenge to the Moran case. The first issue the defendant addressed in its brief was whether the court should abandon the court's unanimous "plain language" reading of Wis. Stat. § 974.07 in Moran.
¶ 130. I join Justice Ann Walsh Bradley's dissent, and for the reasons set forth I write separately on an issue Justice Ann Walsh Bradley's dissent does not address.

I wrote as follows on the order dated August 12, 2016:
I write to note my objections to the procedure followed in issuing this order and the substance of the order. Chief Justice Roggen-sack ordered the release of this order despite my request that it be held pending my completion of research and writing a dissent to be circulated at the beginning of this coming week. Issuing the order next week would not delay the oral argument of this case at the end of October. Justice Ann Walsh Bradley's vote was awaiting her reading my dissent. I thus note my objections at this time; a separate writing will follow.
*443 I wrote my procedural objection in my writing on August 12, 2016. I now write my objection on the substance of the order denying the defendant's motion to strike.

 The State's petition for review framed the four issues presented for review as follows:
1. Did the court of appeals misapply Moran when it held that a defendant seeking postconviction DNA testing of "relevant" evidence under Wis. Stat. § 974.07(2) need not demonstrate that the physical evidence "contains biological material or on which there is biological material" as provided under sub-paragraph 974.07(6)(a)2.?
*445 2. In reviewing a motion for DNA testing at State expense under Wis. Stat. § 974.07(7)(a), must a circuit court always assume that a DNA test result will be exculpatory?
3. In assessing whether it is "reasonably probable" that a defendant would not have been convicted if exculpatory DNA results had been available, should a circuit court apply a newly discovered evidence standard?
4. Did the circuit court erroneously exercise its discretion under Wis. Stat. § 974.07(7)(a) when it found that the jury would have convicted Denny even if exculpatory DNA results were present?

 The State's initial brief framed the three issues presented as follows:
1. To obtain post-conviction DNA testing of evidence, must the movant show that the evidence "contains biological material" that "will be relevant to his prosecution," State v. Moran, 2005 WI 115, ¶¶ 3, 46, 284 Wis. 2d 24, 700 N.W.2d 884?
2. To obtain post-conviction DNA testing at state expense, must the movant also show that there is a "reasonable probability that a jury," considering exculpatory DNA results, "would have reasonable doubt as to the defendant's guilt," State v. McCallum, 208 Wis. 2d 463, 475, 561 N.W.2d 707 (1997)?
3. Should this court overrule State v. Moran, 2005 WI 115, 284 Wis. 2d 24, 700 N.W.2d 884?

 Michael Heffernan, Appellate Practice and Procedure in Wisconsin § 3.4 at 4 (6th ed. 2014; Supp. 3-2 Dec. 2015).

 If this court addresses an issue not raised by the parties, the court should give the parties an opportunity to tackle the issue. A defendant has a due process right to notice of issues to be resolved and to be heard in a meaningful way. See, e.g., Lankford v. Idaho, 500 U.S. 110, 126 (1991) (notice of "issues to be resolved by the adversary process is a fundamental characteristic of fair procedure"); California v. Trombetta, 467 U.S. 479, 486 (1984) ("criminal prosecutions must comport with prevailing notions of fundamental fairness"); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950) (due process requires that "adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case"); City of Janesville v. CC Midwest, Inc., 2007 WI 93, ¶ 68, 302 Wis. 2d 599, 734 N.W.2d 428 (Bradley, J., concurring) ("The rule of law is generally best developed when issues are raised by the parties and then tested by the fire of adversarial briefs and oral arguments."); Bloomer v. Gibson, 912 A.2d 424, 433-34 (Vt. 2006) ("The opportunity to present arguments on the legal issue upon which a case is to be decided is fundamental to sound legal process . . . .") (citing Adam A. Milani & Michael R. Smith, Playing God: A Critical Look at Sua Sponte Decisions by Appellate Courts, 69 Tenn. L. Rev. 245 (2002).

 In a recent case, Coyne v. Walker, 2016 WI 38, 368 Wis. 2d 444, 879 N.W.2d 520, the court recognized that an argument to overrule a prior decision raises a different issue than an argument relating to the interpretation and application of the prior case. The parties' briefs in Coyne argued about the interpretation and application of Thompson v. Craney, 199 Wis. 2d 674, 546 N.W.2d 123 (1996). The amicus brief in Coyne argued that the Craney case should be overruled. Because the *448 court was going to consider this new issue raised by the amicus, the court allowed the parties to brief this new issue.